UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-80959-Singhal/Matthewman

Cresthaven-Ashley Master
Association, Inc.,

          Plaintiff,

v.

Empire Indemnity Insurance
Company,

          Defendant.

_____/

FILED BY _____ D.C.

FEB 12 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND/OR TO QUASH DISCOVERY REQUESTS [DE 19]

THIS CAUSE is before the Court on Plaintiff's Motion for Protective Order and/or to Quash Discovery Requests Served on Plaintiff and Subpoenas *Duces Tecum* Served on Non-Parties. [DE 19]. This matter was referred to the undersigned by the Honorable Raag Singhal, United States District Judge. *See* DE 30. The motion is fully briefed. *See* DEs 24, 36. The parties filed a Joint Notice regarding this dispute. [DE 42]. The Court held a hearing on the motion on February 11, 2020. [DE 45]. Thus, the motion is now ripe for review. For the reasons that follow, the Court denies the motion.

## I. Background

Defendant Empire Indemnity Insurance Company ("Empire") insured a condominium complex owned by Plaintiff Cresthaven-Ashley Master Association, Inc. ("the Association") that was damaged in 2017 by Hurricane Irma. The Association first reported the damage to its property to Empire in September 2017. Empire then investigated the claim and its investigators estimated that the insured property had suffered $44,382.99 in damage—which was less than the policy's 3%

deductible. For its part, the Association retained a public adjuster which began its own investigation into the property damage.

Empire then, on July 27, 2018, advised the Association that the loss to the insured property was, according to Empire's investigation, less than the insurance policy's deductible and thus no payment would be made. Empire also requested proof of loss from the Association's public adjuster. Empire followed up on that request on August 17, 2018. The Association's public adjuster responded that same day, advising Empire that the Association intended to provide its proof of loss to Empire within 60 days of Empire's request for it, as required by the policy of insurance.

The Association's public adjuster then, on September 18, 2018, requested an extension of 75 days to provide the Association's proof of loss to Empire. Empire agreed to an extension through November 9, 2018. The Association's public adjuster did not provide the requested proof of loss by that deadline but did provide a partially completed proof of loss that laid out some of the details of the loss.

The Association's public adjuster then contacted Empire on April 2, 2019, advising Empire that it had completed its investigation, was preparing a damage estimate, and the preliminary estimate amount of loss was $19,000,000. Thereafter, Empire disclaimed coverage entirely on April 24, 2019, on the basis that the Association had failed to timely provide proof of loss as required by the policy of insurance. The Association's public adjuster then provided Empire with the requested proof of loss on May 20, 2019. The proof of loss claimed a total of $17,823.341.02 in damage.

Empire denied coverage on both April 24, 2019 and May 16, 2019 due to the Association's failure to timely provide proof of loss. The Association then brought this action against Empire, seeking a declaratory judgment regarding whether the Association had breached the terms of the insurance policy; whether Empire had waived the right to insist on compliance with the post-loss

conditions of the policy; and whether the Association substantially complied with the policy's post-loss conditions. The Association also seeks to compel appraisal to determine the amount of loss.

## II. Analysis and Discussion

On November 1, 2019, Empire served 218 discovery requests on the Association and six non-parties. The Association now seeks a Court Order protecting it and the relevant non-parties from having to respond to those requests pending the Court's resolution of the Association's Motion for Partial Summary Judgment and for Entry of an Order Compelling Appraisal [DE 18] (the "Dispositive Motion"). Essentially, the Association requests that the Court stay discovery in this case entirely or, at a minimum, stay all discovery except that related to the issues raised in the Dispositive Motion.

### A. Legal Standard

District courts have broad discretion to stay proceedings. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). The party advocating for a stay bears the burden of showing the need for the stay. *Id.* at 708.

A stay of discovery is warranted "where the movant shows 'good cause and reasonableness.'" *Tradex Glob. Master Fund SPC Ltd. v. Palm Beach Capital Mgmt., LLC*, No. 9-21622, 2009 WL 10664410, at *1 (S.D. Fla. Nov. 24, 2009) (quoting *Bocciolone v. Solowsky*, No. 8-20200, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008); *see also Krukever v. TD Ameritrade, Inc.*, No. 18-21399, 2018 WL 2382008, at *1 (S.D. Fla. May 23, 2018). Overall stays of discovery are rarely granted but "courts have held good cause to stay discovery exists wherein 'resolution of a preliminary motion may dispose of the entire action.'" *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003); *see also Patterson v. United States Postal Serv.*, 901 F.2d 927 (11th Cir. 1990); *Feldman v. Flood*, 176 F.R.D. 651 (M.D. Fla. 1997). This inquiry involves a

"preliminary peek" at the merits of the dispositive motion. *Feldman*, 176 F.R.D. at 652; *Ray v. Spirit Airlines, Inc.*, No. 12-61528, 2012 WL 5471793, at *1 (S.D. Fla. No. 9, 2012).

Thus, a stay of discovery in this case is appropriate if the Court finds that the Association's Dispositive Motion "appear[s] to be meritorious and 'truly case dispositive.'" *Nankivil*, 216 F.R.D. at 692 (quoting *Feldman*, 176 F.R.D. at 652).

## B. The Parties' Arguments

The Association argues that a stay of discovery pending resolution of the Dispositive Motion is appropriate because (1) the discovery Empire seeks is unnecessary to the resolution of the Dispositive Motion; (2) responding to Empire's discovery requests will be burdensome and expensive; and (3) Empire will not be prejudiced by a stay.

Empire contends in response that (1) the Dispositive Motion raises sufficient issues of material fact such that it will likely not be granted; (2) even if the Dispositive Motion is granted, Empire will still retain the right to disclaim coverage entirely and thus its pending discovery requests will still be relevant; and (3) the Association will not be irreparably harmed by having to respond to the discovery requests.

## C. Whether a Stay of Discovery is Warranted

The Court finds that a stay of discovery in this case is not warranted. The Association's Dispositive Motion appears to raise numerous issues of material fact that do not lend themselves to resolution on a motion for summary judgment. For example, there appears to be genuine issues of material fact related to (1) whether Empire waived its right to compliance with the insurance policy's post-loss conditions; (2) whether the Association substantially complied with the post-loss conditions; (3) whether Empire properly requested proof of loss from the Association; and (4) whether the claimed loss is covered under the policy of insurance at all. The Association may firmly

believe that Empire's arguments are unpersuasive, but the Court finds that it has failed to meet its burden of establishing the need for a stay in discovery pending resolution of the Dispositive Motion.

Moreover, even if the Dispositive Motion is granted, Empire will still retain the right to deny coverage entirely. *See, e.g.*, *Liberty Am. Ins. Co. v. Kennedy*, 890 So.2d 539, 541-42. Thus, the Association's Dipositive Motion is not "truly case dispositive" and a stay of discovery is not warranted. *Nankivil*, 216 F.R.D. at 692; *Feldman*, 176 F.R.D. at 652.

In sum, the Court finds that a stay of discovery pending the Court's resolution of the Dispositive Motion is not warranted because Plaintiff has failed to meet its burden of showing that the Dispositive Motion is both meritorious and truly case dispositive.

### III. Conclusion

In light of the foregoing, the Court **DENIES** Plaintiff's Motion for Protective Order and/or to Quash Discovery Requests Served on Plaintiff and Subpoenas *Duces Tecum* Served on Non-Parties [DE 19].

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of February 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge