# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 27, 2024

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

FILED BY_____JG_____D.C.

Sep 27, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number:  23-12761-GG
Case Style: Cresthaven Ashley Master Association, Inc. v. Empire Indemnity Insurance
Company
District Court Docket No: 9:19-cv-80959-AHS

A copy of this letter, and the judgment form if noted above, but not a copy of the court's
decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision
was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion
was previously provided on the date of issuance.

Clerk's Office Phone Numbers
General Information:   404-335-6100      Attorney Admissions:      404-335-6122
Case Administration:  404-335-6135      Capital Cases:            404-335-6200
CM/ECF Help Desk:     404-335-6125      Cases Set for Oral Argument: 404-335-6141

Enclosure(s)

MDT-1 Letter Issuing Mandate

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 23-12761

————————————

CRESTHAVEN ASHLEY MASTER ASSOCIATION, INC.,

Plaintiff-Appellant,

*versus*

EMPIRE INDEMNITY INSURANCE COMPANY,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:19-cv-80959-AHS

————————————

JUDGMENT

2                                                                    23-12761

It is hereby ordered, adjudged, and decreed that the opinion is-
sued on this date in this appeal is entered as the judgment of this
Court.

Entered: August 7, 2024

For the Court: DAVID J. SMITH, Clerk of Court

ISSUED AS MANDATE:  September 27, 2024

[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-12761

Non-Argument Calendar

————————————————

CRESTHAVEN ASHLEY MASTER ASSOCIATION, INC.,

Plaintiff-Appellant,

*versus*

EMPIRE INDEMNITY INSURANCE COMPANY,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:19-cv-80959-AHS

————————————————

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Cresthaven-Ashley Master Association ("Cresthaven") appeals the district court's denial of its motion for relief from the court's order dismissing without prejudice Cresthaven's suit against Empire Indemnity Insurance Company ("Empire") and for leave to file a supplemental complaint. On appeal Cresthaven argues that the district court applied the wrong standard to the motion brought under Federal Rule of Civil Procedure 60(b) and failed to consider the motion brought pursuant to Federal Rule of Civil Procedure 15(d).

## I. FACTS

We quote the facts from the district court's most recent order:

### a. Procedural History

Cresthaven, a condominium association, purchased a commercial property policy from Empire for a period covering March 17, 2017 to March 17, 2018 (the "Policy"). *See* (DE [1] at 2). On September 10, 2017, Hurricane Irma struck the state of Florida. Cresthaven timely filed a claim with Empire for property damages sustained in the storm, which Empire denied on April 19, 2019. *See* (DE [25-6] at ¶ 22). This suit followed.

The policy at issue includes three provisions of Ordinance or Law Coverage ("OLC"): Coverage A – Coverage for Loss to the Undamaged Portion of the Building; Coverage B – Demolition Cost Coverage; and Coverage C – Increased Cost of Construction Coverage. The parties dispute Coverages A and C – the policies for direct physical damage. *See* (DE [136] at 1).

Cresthaven's Complaint, filed on July 15, 2019, sought a declaratory judgment that it did not breach its post-loss duties, as well as the enforcement of the Policy's appraisal provision and damages for breach of contract. See (DE [1]). Over the next three years, the parties conducted an appraisal and Cresthaven received two awards for property damages: (i) an award for property damage totaling $4,643,219.29, which Empire paid on November 13, 2020[1] ("Phase I award"); and (ii) an ordinance or law ("OLC") award totaling $3,306,559.65. The OLC award reflected an assessment by an umpire and Empire's appraiser "of the amount of the loss sustained due to or related to Hurricane Irma, including determinations as to the cost

---

[1] Empire's net payment of $3,801,189.22 reflected the total award minus $842,030.07 in applicable deductibles under the Policy. See (Def.'s Opp. (DE [197] at 3 n. 1)).

of repair or replacement, and for related ordinance or law." (DE [112-4] at 4). Both parties moved for summary judgment over the OLC award. Defendant argued that, at best, only Coverage C would apply, which would have reduced its liability to nearly a third of the total award, or $1,300,063.20. Even then, Empire argued that Cresthaven would receive nothing for its failure to complete repairs within the OLC policy's two-year repair deadline. *See* (DE [111] at 4). Cresthaven maintained that the OLC award fell under Coverage A because the "sheathing work" identified in the award required the removal and replacement of 520,000 square feet of existing, undamaged roof sheathing with 5/8 inch plywood for permits to be issued. *See* (DE [115-11] at ¶¶ 6–10). Empire countered that the appraisal award identified no specific building code, law, or ordinance requiring the sheathing work. (DE [136] at 6). In denying cross motions for summary judgment, this Court held that Plaintiff would have to actually spend the amount it seeks and then file for reimbursement under the OLC award. *See id.*

Then, on January 18, 2022, Empire waived certain defenses, including the two-year repair requirement for coverage. (DE [150]). Empire also "agree[d] to consider the sheathing aspect of the [OLC award] as falling under Coverage A of the Policy's Ordinance or Law endorsement." *Id.* This, Empire contended,

"eliminat[ed] any factual dispute and the need for
trial." *Id*. Two days later, Empire filed a Corrected
Motion to Dismiss for Lack of Subject-Matter Juris-
diction (DE [154]), arguing that Cresthaven's case no
longer presented an actual Case or Controversy under
Article III. This Court granted Empire's motion (DE
[154]) on March 24, 2022.

b. March 24, 2022 Dismissal Order

This Court dismissed Cresthaven's Complaint for its
failure to satisfy the standing and ripeness require-
ments under Article III. *See* (DE [193] at 7–9). The
Court noted that Coverage A and Coverage C re-
quired, as a precondition to payment, that the "loss in
value" or "increased cost" occur as a "consequence of
enforcement" of an ordinance or law. *See* (DE [136] at
2). This meant that "[s]everal thresholds must be
crossed before payment is owing." *See* (DE [193] at 7).
Namely, Cresthaven needed to first identify an appli-
cable law or ordinance that, if enforced, could result
in a loss in value to the undamaged portion of the
building or an increased cost to reconstruct any por-
tion of the building, whether damaged or not. *See id*.
Second, the applicable law or ordinance needed to be
enforced. *See id*. And third, the applicable ordinance
or law must have resulted in the aforementioned "loss
in value" or "increased cost." *Id*. Cresthaven had failed

to satisfy any of the three preconditions. *Id.* at 8 ("the issue is not whether the policy language prescribes [entitlement under Coverage A] to Plaintiff. It does. Rather, the issue is whether the pre-conditions of payment under this provision are present. They are not."). What remained was a "speculative chain of possibilities," which did not amount to a "certainly impending injury" and, accordingly, failed to satisfy the first element of standing. *See id.* Separately, this Court found Cresthaven's claims to be unripe. Here too, the Court noted that Plaintiff had yet to identify any applicable law or ordinance which would result in a "loss in value" or "increased cost" to Plaintiff. *See id.* at 8–9. Finally, the Court noted that, notwithstanding Plaintiff's desire to receive the OLC portion of the award, it was "not clear how a delay in their receipt would amount to a significant hardship to Cresthaven." *Id.* at 9. The Court concluded that its efforts to provide an insurance award to Plaintiff at that juncture could in fact prejudice Plaintiff if the actual OLC award was greater than its estimate. *See id.* Accordingly, it dismissed Cresthaven's claims for failing to present an actual Case or Controversy under Article III. *See id.*

c. Post-Dismissal Events

Following this Court's March 24, 2022 Order, Cresthaven diligently commenced and completed repairs for several of its structures. Four days after this Court's Order, Cresthaven wrote to Defendant to inform them of its plans to complete the roof repairs and to submit requests for payment through Defendant's counsel. *See* (DE [194-4] at 2). Plaintiff then executed an agreement with LJB Restoration Services LLC to complete the roof repair work on June 14, 2022. *See* (DE [194] at 7). On July 8, 2022, Empire responded to Cresthaven. *See* (DE [194-5]). Empire asked Cresthaven to send any information relating to "imminent or completed" work, as well as any requests for payment. *Id*. at 2. Empire signaled its understanding that Cresthaven could "with competitive bidding . . . have shingle roof replacements done for around $500/SQ and sheathing for approximately $400/SQ" and reserved the right to review any work. *Id*. Empire noted that the parties were "no longer within the context of litigation," such that "[p]ositions taken only for the convenience of litigation may not necessarily apply." *Id*. Finally, Empire added that "[n]othing contained in [its] letter, nor any act of Empire or its representatives, should be construed as a waiver of any known or unknown coverage defense under the Policy." *Id*. On August 3, 2022, Plaintiff sent Defendant a letter memorializing its forthcoming

roof repairs and noted that its materials would arrive on-site by September 9, 2022. Then, on October 26, 2022, Empire wrote to Cresthaven to inform it that no further payment would be owed where "Cresthaven never completed repairs or completed them timely to recover benefits under the Replacement Cost coverage" under its Policy. (DE [194-8]). Empire had effectively invoked the statute of repose for property insurance claims under Fla. Stat. §95.11(2)(e).

Cresthaven wrote back to Empire on November 4, 2022 to urge the insurer to reopen its file and pay the amounts owed under the Policy, including $2,369,243.62 that Cresthaven had paid in repair work, with withheld depreciation. *See* (DE [194-9]).

Empire responded in a letter dated December 22, 2022 to reiterate that it had closed Cresthaven's file. *See* (DE [194-10]). Cresthaven wrote back on January 5, 2023 with documents from the Palm Beach County Building Department detailing the building codes that required removal of roof sheathing. *See* (DE [194-11]). On February 8, 2023, Cresthaven again wrote to Empire to detail an additional $1,737,097.72 expended by Plaintiff for roof repairs. *See* (DE [194-12]). Empire has refused to consider Plaintiff's requests for reimbursement since its October 26, 2022

dated letter and Cresthaven now moves this Court for
reconsideration of its March 24, 2022 Order.

Doc. 200 at 2–6.

The district court denied Cresthaven's Rule 60(b) motion.
First, it rejected Cresthaven's argument that Empire's decision to
invoke the statute of repose was newly disclosed evidence under
Rule 60(b)(2) because the record did not support Cresthaven's con-
tention that Empire never intended to pay the OLC claim. *Id.* at
10. After the dismissal, but before it invoked the statute of repose,
Empire never signaled that it would not consider Cresthaven's
claims. *Id.* Indeed, the court pointed to Empire's July 8, 2022, letter
that asked Cresthaven for claims for any "imminent or contem-
plated" work. *Id.* And finally, the court stated that Cresthaven did
not consider the possibility that Empire only decided to invoke the
statute of repose after the five-year term had run. *Id.* While un-
derstanding Cresthaven's grievance, the court posited that Crest-
haven had done nothing to protect itself by entering into an agree-
ment to toll the statute. *Id.* Next, the court rejected Cresthaven's
theory that Empire obtained the verdict through fraud, misrepre-
sentation, or other conduct under Rule 60(b)(3). Cresthaven's the-
ory—that Empire embroiled it in prolonged litigation, withdrew
certain defenses on the eve of trial to moot Cresthaven's claims,
and knew with certainty that Cresthaven would be unable to com-
plete the repairs before the statute of repose ran—required too
much speculation. *Id.* at 11. Finally, the court rejected Cresthaven's
attempt to invoke Rule 60(b)(6), which permits relief from final

judgment for "any other reason that justifies relief." The court rejected Cresthaven's argument that it would suffer the required "extreme and unexpected hardship" if Empire was allowed to disclaim its duties under the policy. *Id.* It pointed to how Cresthaven could have protected itself from the statute of repose and to the multi-million-dollar award that Cresthaven had received in this litigation. *Id.* at 12.

The "Procedural History" and "March 24, 2024 Dismissal Order" set out above explain why this appeal is presented to us in this Rule 60(b) posture. The March 24, 2022, order dismissed without prejudice the suit Cresthaven had filed against Empire on ripeness grounds. Cresthaven did not appeal that decision. Thus, without Rule 60(b) relief, the law binding these parties includes the district court's holding that the OLC coverage in this policy is not triggered until Cresthaven has actually made the repairs, identified the ordinance requiring the repairs in such manner, and expended the funds therefor. Because these preconditions to coverage were not met before expiration on September 10, 2022, of the five-year statute of repose, Fla. Stat. § 95.11(2)(e), Empire denied further payments to Cresthaven pursuant to the OLC coverage. Aside from Cresthaven's arguments for relief under Rule 60(b), Cresthaven has not challenged, either in the district court or on appeal, Empire's position that the statute of repose bars coverage under the OLC provisions of the Policy.

We address in turn Cresthaven's arguments for relief under Rule 60(b)(6), Rule 60(b)(3), and Rule 60(b)(2).

## II. DISCUSSION

*A. Rule 60(b)(6)*

"Rule 60(b)(6) is the "catch-all" ground for relief under Rule 60(b)." *Galbert v. W. Caribbean Airways*, 715 F.3d 1290, 1294 (11th Cir. 2013). As such, it allows relief for "any other reason that justifies relief" from a final judgment, order, or proceeding. Fed.R.Civ.P. 60(b)(6). "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (internal quotation marks omitted). This means that movants must show that "absent such relief, an 'extreme' and 'unexpected' hardship will result." *Griffin v. Swim–Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (quoting *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932)). Whether to grant or deny the motion lies within the discretion of the district court. *Cano*, 435 F.3d at 1342 (alteration and internal quotation marks omitted). "'It is not enough that the granting of relief might have been permissible, or even warranted;' rather, the decision to deny the motion must have been sufficiently "'unwarranted as to constitute an abuse of discretion.'" *Galbert*, 715 F.3d at 1294 (quoting *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981)). This means that a movant "must demonstrate a justification so compelling that the district court was required to vacate its order." *Cano*, 435 F.3d at 1342 (alteration and internal quotation marks omitted).

Cresthaven argues that the district court erred when it failed to find extreme and unexpected hardship after Empire invoked the statute of repose and denied the claim. Cresthaven argues that the

district court erroneously required Cresthaven to have protected it-
self by entering into a tolling agreement with Empire.  Cresthaven
argues that seeking such an agreement would fly in the face of Em-
pire's representations that it would adjust in good faith and have
required Cresthaven to not believe Empire's candor, as well as been
futile because Empire would never agree to such an agreement.

We cannot conclude that the district court abused its discre-
tion in holding that the circumstances here were not sufficiently
extraordinary to warrant relief.  Empire never waived its right to
invoke the statute of repose; rather, Empire waived its right to in-
voke two specific temporal limitations found in the policy.  *See* Doc.
150 at 2 ("Empire agrees for purposes of this litigation only to
waive both the 'soon as reasonable possible after the loss or dam-
age' repair requirement as well as the two-year repair requirement
for recovery under Coverage A and Coverage C, respectively.").
Without evidence that Empire represented that it would not invoke
the statute of repose, we cannot conclude that the district court
abused its discretion in declining to attribute bad faith to Empire's
communications about adjusting the claim with Cresthaven after
the dismissal.   Indeed, Empire's July 8, 2022, letter to Cresthaven
noted Cresthaven's March 28, 2022, letter explaining that after the
litigation was dismissed, Cresthaven would be proceeding to have
the work done to trigger payment under the OLC coverage and
would be submitting requests for payment.   Empire's letter also
noted that it had searched for permits online and saw none.  Empire
then stated: "If there is any specific work imminent or contem-
plated, please submit that information to me, as well as any

requests for payment." Doc. 194, Exh. E at 1. Empire's letter also expressly stated: "Nothing contained in this letter, nor any act of Empire or its representatives, should be construed as a waiver of any known or unknown coverage defense . . . . Empire continues to reserve all of its rights under the Policy and the Term Sheet, as well as all rights at law and in equity." *Id.* Finally, because Empire did not renege on its litigation promises, but instead invoked another temporal limitation, there is no way to know if it would have agreed to a tolling agreement. For these reasons, we cannot conclude that the district court abused its discretion when it denied Cresthaven's motion under Rule 60(b)(6).

### B. Rule 60(b)(3)

To prevail on a 60(b)(3) motion, the movant must "prove[ ] by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct." *Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007) (quoting *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000)). The movant must also show that the opposing party's fraud prevented him from fully presenting his case. *Id.* Only egregious misconduct, such as an unconscionable scheme to influence the court's decision, will constitute a fraud on the court. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978). We review a district court's denial of a motion for relief from judgment under Rule 60(b)(3) for abuse of discretion. *Cox*

*Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007).

As noted above, the district court rejected as mere speculation Cresthaven's arguments in favor of Rule 60(b)(3) relief. On appeal, Cresthaven makes only conclusory arguments that the district court applied an incorrect legal standard and that the proceedings were not "fair." To the extent Cresthaven is suggesting there was unfairness or misconduct because Empire prolonged the litigation over the OLC coverage issue, the district court's several orders—e.g. supporting Empire's position that OLC coverage is not triggered until the repairs are actually performed and the ordinance requiring same is identified—belie any notion that Empire's positions were a frivolous attempt to delay. To the extent Cresthaven is suggesting that there was unfairness or misconduct in that Cresthaven was led to believe Empire was waiving all temporal limitations, as noted above, Empire's waiver was very specific and waived only the "as soon as reasonably possible" and the two-year deadline with respect to repairs, the temporal limitations that appeared in the Policy itself. Moreover, Empire's July 8, 2022, letter expressly reserved "all rights at law and in equity." Our review of the record does not reveal any evidence that Empire sought to discourage Cresthaven from actually making the repairs that would trigger OLC coverage. To the contrary, its position that actual repairs were necessary was prominent from the inception and throughout the litigation. Moreover, in its July 8, 2022, letter, Empire actually invited Cresthaven to make repairs and submit requests for payment. Cresthaven points to no clear misrepresentations by Empire. That

Empire failed to advise Cresthaven of the fact of the statutory provision, i.e. Fla. Stat. § 95.11(2)(e), does not rise to the level of conduct warranting Rule 60(b)(3) relief.  To the extent that Cresthaven suggests that there was unfairness or misconduct in Empire's withdrawal of certain defenses on the eve of trial, that did nothing more than accelerate the litigation process, ending the litigation and leaving only performance of the repairs to be done, and the identification of the ordinance that required the repairs.

For these reasons, we cannot conclude that the district court abused its discretion when it denied Cresthaven's motion under Rule 60(b)(3).

*C. Rule 60(b)(2)*

For the court to grant relief based upon newly discovered evidence under Rule 60(b)(2), a movant must meet a five-part test: (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result. *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000). "A motion for a new trial under Rule 60(b)(2) is an extraordinary motion and the requirements of the rule must be strictly met." *Id.* We also review the district court's denial of a Rule 60(b)(2) motion for abuse of discretion. *Willard v. Fairfield S. Co.*, 472 F.3d 817, 821 (11th Cir. 2006).

16                    Opinion of the Court                    23-12761

Taking Empire's actions in the context of the litigation as a whole, the assertion of the statute of repose in October was not new evidence of the type to satisfy the test for a motion made under Rule 60(b)(2).  As the district court noted, Cresthaven suggests—as the newly discovered evidence—the purported fact that Empire never intended to pay Cresthaven's OLC claim.  The district court held that "[t]he record . . . does not support Cresthaven's contention."  Doc. 200 at 10.  We agree with the district court.  Cresthaven points to no actual evidence, and our careful review of the record reveals little or no evidence, to support Cresthaven's bald assertion that Empire never intended to consider and adjust in good faith Cresthaven's OLC claim in light of the Policy provisions and the law.  As noted above, the district court's adoption of crucial policy provision interpretations proffered by Empire belies any notion that Empire's positions taken during its consideration of Cresthaven's claim were anything other than a good faith evaluation of the claim in light of the Policy provisions and the law.  And, as also noted above, Empire's July 8, 2022, letter in effect invited Cresthaven to complete repairs and submit requests for payment.  The fact that Empire did invoke the five-year statute of repose after its expiration merely indicates that Empire intended to exercise its rights under the Policy provisions and the law, which intention was apparent from the very inception of Cresthaven's claim.  As also noted above, Empire's waiver of two very specific rights is not a basis on which to infer a waiver of all rights.  Furthermore, even if Cresthaven had foreseen all along that Empire would exercise its rights under the Policy provisions and the law, its knowledge

Case 9:19-cv-80959-AHS   Document 206   Entered on FLSD Docket 09/27/2024   Page 20 of 22
USCA11 Case: 23-12761   Document: 40-1   Date Filed: 08/07/2024   Page: 17 of 17

23-12761                    Opinion of the Court                    17

thereof would not have changed the outcome of Empire's motion to dismiss: the district court would still have concluded that the Policy provisions required Cresthaven to perform the work and identify the relevant ordinance before seeking reimbursement; in other words, the district court still would have granted the motion. We cannot conclude that the district court abused its discretion when it denied Cresthaven's motion under Rule 60(b)(2).

For the foregoing reasons, the judgment[2] of the district court is

AFFIRMED.

---

[2] The district court did not err when it failed to discuss Cresthaven's motion under Rule 15.  Because it did not reopen the case, and properly so, there was no reason to allow the complaint to be supplemented.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

### ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 07, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  23-12761-GG
Case Style:  Cresthaven Ashley Master Association, Inc. v. Empire Indemnity Insurance Company
District Court Docket No:  9:19-cv-80959-AHS

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing is timely only if received in the clerk's office within the time specified in the rules. **A petition for rehearing must include a Certificate of Interested Persons and a copy of the opinion sought to be reheard.** See 11th Cir. R. 35-5(k) and 40-1.

Costs
Costs are taxed against Appellant(s) / Petitioner(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers
General Information:     404-335-6100      Attorney Admissions:           404-335-6122
Case Administration:    404-335-6135      Capital Cases:                 404-335-6200
CM/ECF Help Desk:       404-335-6125      Cases Set for Oral Argument:   404-335-6141

OPIN-1 Ntc of Issuance of Opinion